Christopher A. BURGER, Petitioner-Appellee, Cross-Appellant,

v.

Walter A. ZANT, Warden, Georgia Diagnostic and Classification Center, Respondent-Appellant, Cross-Appellee.

No. 81-7419.

United States Court of Appeals, Eleventh Circuit.

Aug. 29, 1984.

Michael J. Bowers, Atty. Gen. of Ga., William B. Hill, Jr., Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant, cross-appellee.

Joseph Nursey, Andrea I. Young, Millard Farmer, Pamela L.J. Arangno, Atlanta, Ga., for petitioner-appellee, cross-appellant.

---

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before VANCE and JOHNSON, Circuit Judges, and ALLGOOD *, District Judge.

PER CURIAM:

The order of the Supreme Court, —— U.S. ——, 104 S.Ct. 2652, 81 L.Ed.2d 360, in this case provided in part as follows:

May 29, 1984. On petition for writ of certiorari to the United States Court of Appeals for the Eleventh Circuit. The motion of petitioner for leave to proceed *in forma pauperis* is granted. The petition for writ of certiorari is granted limited to Question I(B) presented by the petition. The opinion of the United States District Court for the Southern District of Georgia on this question, which the Court of Appeals adopted without separate discussion, may be flawed in at least one respect.

In judging the reasonableness of counsel's decision not to present character evidence, the District Court apparently mistook the arguments counsel made at petitioner's *first*, ultimately vacated, sentencing for the arguments counsel made at petitioner's *second* sentencing, the proceeding whose result is challenged in this petition. *Blake v. Zant*, 513 F.Supp. 772, 796–798 (1981). Petitioner is entitled to an assessment of his ineffectiveness claim unaffected by this, as well as by any other, error. Accordingly, the judgment is vacated and the case is remanded to the United States Court of Appeals for the Eleventh Circuit with instructions to reconsider the effective-

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

ness of counsel's assistance at petitioner's second sentencing and for further consideration in light of *Strickland v. Washington*, 466 U.S. [——], 104 S.Ct. 2052, 80 L.Ed.2d [674] (1984).

The Court's citation of "Question I(B)" apparently refers to section I(B) of the Petition for Writ of Certiorari:

CHRISTOPHER BURGER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL COUNSEL FAILED TO INVESTIGATE, PREPARE OR PRESENT EVIDENCE FOR THE SENTENCING PHASE OF PETITIONER'S CAPITAL TRIAL.

The case is remanded to the district court with instruction that within ninety days it extend or revise its findings, and if appropriate, its conclusions and judgment. The district court should address the matter to which specific reference was made by the Supreme Court but it is not limited to that question and shall make such findings as it deems appropriate in light of the Supreme Court's action. Jurisdiction is retained in this court.

REMANDED WITH INSTRUCTIONS.